**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK VERGE; ARTS AMERICANA, LLC, | No. 25-669 |
| Plaintiffs - Appellants, | D.C. No. 2:24-cv-01622-HDV-AGR |
| v. | MEMORANDUM* |
| CITY OF LOS ANGELES, a municipal corporation; DOES, 1-10 inclusive, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Hernan Diego Vera, District Judge, Presiding

Submitted May 21, 2026**
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Plaintiffs-Appellants Mark Verge and Arts Americana, LLC appeal the

district court's dismissal, without leave to amend, of their complaint against the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

City of Los Angeles and unnamed defendants for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' claims arise out of the City's enforcement of its residential hotel conversion ordinance (the Ordinance), L.A. Municipal Code (LAMC) §§ 47.70-47.89, against them. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review the district court's dismissal of the complaint for failure to state a claim and the legal issues it presents de novo." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1253–54 (9th Cir. 2013). To survive a motion to dismiss, Plaintiffs' claims must be supported by a cognizable legal theory and have sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

1. The district court did not err in dismissing Plaintiffs' First Amendment claim. To support that claim, Plaintiffs "must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury." *Nieves v. Bartlett*, 587 U.S. 391, 398–99 (2019) (quotation marks omitted). Given that the City issued the initial Notice to Comply *before* Plaintiffs' alleged petitioning activity, their complaint does not support the inference that the Defendants' actions were motivated by retaliatory animus.

2. Plaintiffs' Fourth Amendment claim is based on the City's "threats to

2                                                                25-669

inspect the hotel without a warrant or consent." The Fourth Amendment "protects two types of expectations, one involving 'searches,' the other 'seizures.'" *Lavan v. City of L.A.*, 693 F.3d 1022, 1027 (9th Cir. 2012). Plaintiffs allege no facts that show any imminent "threat" to inspect their property without consent or a warrant. Rather, their only specific allegation is that the City "demanded" *permission* to inspect the property at issue, which necessarily required Plaintiffs' consent. These allegations are insufficient to support a Fourth Amendment claim.

3.      Plaintiffs assert both a per se takings claim and a regulatory takings claim under *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104 (1978). A per se taking requires showing either (1) permanent physical invasion of property or (2) regulations that completely deprive an owner of all economically beneficial use of his property. *Lingle v. Chevron U.S.A.*, 544 U.S. 528, 538 (2005). Plaintiffs do not allege a physical invasion of their property, and they can economically benefit from their use of the property while complying with the City's regulations by using their units for residential, rather than transient, occupancy. Regulatory takings occur when government "places limitations on land that fall short of eliminating all economically beneficial use," but that diminish the value of property to an unconstitutional degree. *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001). Plaintiffs' regulatory taking claim fails because they do not allege facts supporting a substantial diminution in the value of their property. So

3                                                                          25-669

Plaintiffs have not alleged facts supporting either a regulatory or per se takings claim.

4.     Plaintiffs also challenge the Notice and Ordinance as void for vagueness and allege that they were denied an opportunity to be meaningfully heard regarding enforcement of the Ordinance against them.  "A law is unconstitutionally vague when it fails to give ordinary people fair notice of the conduct it punishes." *Kashem v. Barr*, 941 F.3d 358, 364 (9th Cir. 2019) (quotation marks omitted).  Plaintiffs do not explain how regulations that they identify make the requirements of the Notice and Order unclear.  The fact that Plaintiffs hold a Transient Occupancy Tax (TOT) license is not inconsistent with the requirements of the Ordinance, because a TOT license is not a permit to operate as a transient hotel.  *See* LAMC 21.7.6.  Additionally, Plaintiffs had an opportunity to be meaningfully heard when they participated in a hearing regarding the City's Notice and Order, before the City's determination became final.  *See, e.g.*, *Fairchild Semiconductor Corp. v. U.S. E.P.A.*, 984 F.2d 283, 289 (9th Cir. 1993) ("It is sufficient [under the Due Process Clause], where only property rights are concerned, that there is at some stage an opportunity for a hearing and a judicial determination." (quoting *Hodel v. Virginia Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 303 (1981))).

5.     Plaintiffs' substantive due process claim also fails.  The Ordinance,

and the City's enforcement actions, need only have a rational basis to survive a substantive due process challenge because only economic interests are at stake. *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1045 (9th Cir. 2012). "The government need not state its purposes at the time it acts. It is sufficient that the government could have had a legitimate reason for acting as it did." *Flynn v. Holder*, 684 F.3d 852, 860 n.27 (9th Cir. 2012). The Ordinance on its face has the legitimate purpose of preserving low-income housing in Los Angeles by limiting residential-hotel owners' ability to convert their properties to other uses. It therefore does not support a substantive due process claim.

6.      Plaintiffs also bring an equal protection claim, based on selective enforcement of the Ordinance. To show selective enforcement, a plaintiff must show discriminatory effect and an improper purpose. *Lacey v. Maricopa County*, 693 F.3d 896, 920 (9th Cir. 2012). Plaintiffs argue the City's enforcement against them is malicious, irrational, and arbitrary because the City has never before enforced the ordinance against them, despite having inspected the hotel previously. But this does not show an improper purpose: lack of prior enforcement is insufficient to support an inference that the City's actions were malicious, irrational, or arbitrary.

7.      Plaintiffs also argue that the district court should have granted them leave to amend. However, Plaintiffs cite only general standards in their opening

brief and provide no specific arguments about why leave to amend is warranted here. They do not address futility—the district court's basis for denying leave to amend on all but their First Amendment claim. "Our circuit has repeatedly admonished that we cannot manufacture arguments for an appellant and therefore we will not consider any claims that were not actually argued in appellant's opening brief. Rather, we review only issues which are argued specifically and distinctly in a party's opening brief. Significantly, a bare assertion of an issue does not preserve a claim." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (cleaned up); *accord*. *Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1208 n.7 (9th Cir. 2022) ("This court has refused to address claims that were only argued in passing or that were bare assertions with no supporting argument." (quotation marks omitted)). Given Plaintiffs' failure to address the district court's basis for denying leave to amend, we also decline to address it.

    **AFFIRMED.**[1]

---

[1] The City's motion for judicial notice (Dkt. 12) is denied as moot.